UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14048-CR-CANNON/MAYNARD
CASE NO. 22-14054-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DUSTIN SINGLETON,

    Defendant.
_____/

## ORDER ON MOTION TO REOPEN EVIDENTIARY HEARING ON MOTION TO SUPPRESS

I previously held an eleven-hour evidentiary hearing on the Defendant's Motion to Suppress on January 23, 2023 and January 24, 2023. DE 132, 142 [048]; DE 78 [054].[1] During that evidentiary hearing, several witnesses testified, including Martin County Sheriff's Office ("MCSO") Sergeant Garrett Lott and Detective Tyler Ludlow. After the hearing, Detective Ludlow notified the Government that he had additional relevant photographs stored on his personal cellphone that had not been disclosed to the defense ("Ludlow's late-disclosed photographs"). The Government notified defense counsel and the Court of this development. Defense counsel filed a motion to compel (1) all photographs taken on the personal cellphones of Detective Ludlow and Sergeant Lott and (2) the officers' personal cellphones for forensic examination and *in camera* inspection. The Government responded by providing the previously undisclosed photographs from Ludlow's cellphone and Cellebrite extraction reports from both officers' cellphones. On

---

[1] This same Motion and all related briefing is filed in two separately pending but related cases. For ease of reference, citations to *U.S. v. Shaw et al.*, Case No. 22-14048-Cr-Cannon/Maynard, will be "DE __ [048]," while citations to *U.S. v. Singleton*. Case No. 22-14054-Cr-Cannon/Maynard, will be "DE __ [054]."

1

February 13, 2023, I issued a Report and Recommendation ("Initial Report") recommending that the Defendant's motion to compel photographs be denied as moot and the motion to compel forensic examination of the officers' phones be denied. DE 152 [048]; DE 87 [054]. On February 21, 2023 and February 27, 2023, presiding U.S. District Judge Aileen M. Cannon adopted the report and recommendation. DE 171 [048]; DE 97 [054].

On March 17, 2023, I issued a Supplemental Report and Recommendation advising the District Judge of two factual errors in the Initial Report that had come to my attention. DE 188 [048]; DE 115 [054]. Specifically, after the Initial Report issued and was adopted, the Government learned that Sergeant Lott also had photographs on his cellphone that had not been disclosed to the defense prior to the suppression hearing ("Lott's late-disclosed photographs"). Thus, the Initial Report incorrectly stated that there was no issue of undisclosed photographs from Sergeant Lott's phone. The Initial Report also incorrectly stated that the Cellebrite reports showed no photographs had been deleted from either officers' cellphone. The Supplemental Report and Recommendation explained why these errors should not change the outcome on Defendant's Motion to Compel. The Supplemental Report and Recommendation is awaiting determination by the District Judge.

Now pending before me is Defendant's Motion to Reopen Evidentiary Hearing on his Motion to Suppress. DE 171 [048]; DE 104 [054]. In response, the Government "agrees that the Court has the authority to reopen the suppression hearing in this matter and has no objection to the Court reopening the suppression hearing." DE 173 [048]; DE 106 [054]. However, the parties disagree on the proper scope of the hearing. Presiding U.S. District Judge Aileen M. Cannon has referred this Motion to me for appropriate disposition. DE 177 [048].

I held a status conference on March 6, 2023, at which time I set a continued evidentiary hearing on Defendant's pending motion to suppress for April 4, 2023, at 10:00 A.M. DE 183 at

27 [048]; DE 113 at 27 [054].  The purpose of this Order is to establish the general scope of this upcoming hearing.[2]  I wish to make clear, however, that I will entertain any proper objections as they arise in context at the hearing.

As discussed at the status conference before me on March 6, 2023, there are four general areas of proposed examination at the upcoming evidentiary hearing.  First, Defendant seeks the opportunity to cross-examine Detective Ludlow about his late-disclosed photographs.  At the status conference, the Government agreed that Defendant is entitled to cross-examine Ludlow about these photographs and how they pertain to the motion to suppress.  Thus, I will allow such cross-examination at the April 4, 2023 evidentiary hearing.

Second, Defendant seeks to cross-examine Sergeant Lott about (1) Lott's receipt and handling of Ludlow's late-disclosed photographs; (2) Lott's late-disclosed photographs; and (3) how the foregoing relate to the motion to suppress.  DE 183 at 6 [048]; DE 113 at 6 [054].  As to this category, the Government agrees only to cross-examination of Lott about Ludlow's late-disclosed photographs.  DE 183 at 14-15 [048]; DE 113 at 14-15 [054].  The Government does not believe Lott should be questioned about his own late-disclosed photographs because those photographs depict case-related evidence as it was documented after the officers returned to the sheriff's office, not as it was found at the scene of the traffic stop.  The Government questions the relevance of photographs documenting the evidence at the sheriff's office to Defendant's motion to suppress.  *Id*.

I disagree with the Government that Lott's cross-examination should be limited to questions about photographs taken at the scene of the traffic stop.  First, any distinction between photographs taken at the scene and those taken at the sheriff's office is a dubious one for purposes

---

[2] I assume reader familiarity with the background of this case as set forth in the parties' briefing and in a prior Report of mine that outlines the general facts, charges, and relevant procedural history.  DE 152 [048]; DE 87 [054].

of the motion to suppress.  Not all of the photographs taken at the scene are of the evidence as officers initially found it.  Several of the photographs taken at the scene are of officers documenting the evidence itself and do not necessarily depict the evidence as it was originally found in the Defendant's vehicle.  Second, all photographs of evidence seized in this case, whether depicting evidence as it was initially found or subsequently documented, are potentially relevant to Defendant's motion to suppress.  Defendant has a right to consider all the photographs and determine for himself what suppression arguments he has based on the evidence in the case.  It is not for the Government to decide what arguments the Defendant has based on the photographs; that decision is for the Defendant and his counsel.  Thus, I will not limit defense counsel's ability to inquire about any photograph relevant to this case regardless of when and where the photograph was taken.  Further, how the officers handled the photographs after taking them is relevant to the officers' credibility regarding their accuracy in memorializing what happened during their investigation.  The Government asks this Court to rely on the officers' testimony and memory of what happened during a traffic stop that occurred almost one year ago.  Evidence about the carefulness with which they conducted their investigation and their meticulousness in collecting, preserving, and disclosing relevant evidence may be helpful to assessing the officers' credibility about what happened that night.  Credibility is a factor I must consider in ruling on the motion to suppress.  *See United States v. Menendez*, No. 99-755-CR, 2000 WL 36733765, at *1 (S.D. Fla. Oct. 2, 2000) ("Rulings on motions to suppress involve mixed question of law and fact . . . . [One] issue of fact . . . [is] the credibility of the witnesses.").  Thus, I will allow Defendant to cross-examine both officers about their handling of the evidence, including photographs.

Third, Defendant seeks to examine MCSO Detective Matthew Killough to establish that the "deleted" column on the Cellebrite reports do not provide whether photographs were deleted

4

from the cellphones of Lott or Ludlow. DE 183 at 3-4 [048]; DE 113 at 3-4 [054]. At the status conference, the Government agreed "that neither one of those Cellebrite reports can tell you definitively whether any photographs were deleted from either Sergeant Lott's or Detective Ludlow's cellphones." DE 183 at 20 [048]; DE 113 at 20 [054]. Because the parties have stipulated to this fact and I have filed a supplemental report and recommendation revising my prior determination regarding the Cellebrite reports, there is no need for any testimony on this subject matter.

Fourth and finally, Defendant seeks to examine cellphone expert, Richard D. Connor, Jr., to establish that the Cellebrite reports do not provide whether any photographs were deleted from the cellphones of Lott or Ludlow. DE 183 at 10 [048]; DE 113 at 10 [054]. At the status conference, the Government agreed with Mr. Connor's conclusion[3] that "'[i]t is not possible to tell if either phone took a picture which was then deleted from the Cellebrite reports'" and "'[t]he reports contain existing pictures, not deleted pictures.'" DE 183 at 20-21 [048]; DE 113 at 20-21 [054]. Thus, because the parties have agreed on Mr. Connor's conclusion regarding the Cellebrite reports not being able to identify whether photographs were deleted, there is no need for any testimony on this topic.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that Defendant's Motion to Reopen Evidentiary Hearing on his Motion to Suppress, DE 171 [048]; DE 104 [054], is **GRANTED** consistent with the terms of this Order.

---

[3] As an exhibit to the Motion to Reopen Evidentiary Hearing, Defendant attached an affidavit executed by Mr. Connor. DE 171-1 at 8-9 [048]; DE 104-1 at 8-9 [054]. In relevant part, Mr. Connor averred that "'[it] is not possible to tell if either phone took a picture which was then deleted from the Cellebrite reports. The reports contain existing pictures, not deleted pictures.'" DE 171-1 at 8 [048]; DE 104-1 at 8 [054].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of March, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE