UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14054-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

DUSTIN SINGLETON,

Defendant.
_____/

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through the undersigned Assistant United States Attorney, and Dustin Singleton (hereinafter referred to as the "Defendant" or "Singleton"), together with his counsel, admit that the United States can prove the allegations contained in Count One of the Indictment, which charges the Defendant with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Count Three of the Indictment, which charges the Defendant with possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Defendant also stipulates that the following recitation of the facts shall constitute the underlying factual basis for his guilty plea. These facts are not all of the facts known to the United States in this case and are offered merely to provide a sufficient factual basis to support the Defendant's guilty plea.

On April 29, 2022, at approximately 6:39 p.m., Martin County Sheriff's Office ("MCSO") Sergeant Garrett Lott and Detective Tyler Ludlow initiated a traffic stop of a vehicle Singleton

1

was driving in Stuart, Martin County, Florida, for a window-tint violation. Sergeant Lott and Detective Ludlow had just observed Singleton leaving the house of a known drug trafficker. Sergeant Lott and Detective Ludlow were together in an unmarked police vehicle equipped with emergency lights when they initiated the traffic stop.

Sergeant Lott and Detective Ludlow made contact with Singleton, who was the sole occupant of the vehicle. Specifically, Sergeant Lott approached the front driver's side of the vehicle, and Detective Ludlow approached the front passenger's side of the vehicle. Sergeant Lott advised Singleton he was stopped for a window-tint violation and requested Singleton to provide his driver's license, proof of insurance, and registration. Singleton complied. While Sergeant Lott was speaking with Singleton, Detective Ludlow tested the front passenger's side window of the vehicle with a tint meter and determined that the light transmittance was below the twenty-eight percent allowed by Florida law. Sergeant Lott and Detective Ludlow both observed metallic knuckles in plain view on the center console within a few inches of where Singleton was sitting. Singleton claimed the metallic knuckles were not his and that he used them for artwork. Singleton further stated that he was a convicted felon and had been in some trouble in Connecticut for possessing a concealed weapon. Singleton also told Detective Ludlow there was a large knife on the right rear floorboard of the vehicle.

After Singleton provided Sergeant Lott with his driver's license, proof of insurance, and registration, he returned to his police vehicle and started to run Singleton's information through dispatch. Detective Ludlow remained with Singleton, who was still sitting in the driver's seat of the vehicle.

At approximately 6:53 p.m., dispatch advised Sergeant Lott and Detective Ludlow that Singleton was on probation or supervised release in Connecticut and that the conditions of his probation/supervised release prohibited him from possessing any weapons.

Shortly thereafter, Sergeant Lott returned to the vehicle and directed Singleton to exit so that he and Detective Ludlow could retrieve the metallic knuckles and large knife. As Sergeant Lott directed Singleton to exit the vehicle, Singleton again remarked there was a large knife on the right rear floorboard of the vehicle. As Singleton exited the vehicle, Sergeant Lott noticed a pocketknife hanging out of Singleton's pocket. The pocket knife was partially but not completely concealed.

Detective Ludlow then entered the vehicle to retrieve the knife from the right rear floorboard as evidence and for officer safety, at which point he observed an assortment of pills inside a clear glass jar with no labeling. Based on his training and experience, Detective Ludlow believed the pills were contraband. Next to the jar, Detective Ludlow also observed a black bag in plain view that contained a green leafy substance that smelled like marijuana. Detective Ludlow advised Singleton of his Miranda rights and asked Singleton if the marijuana was his. Singleton responded "yes."

A probable cause search of the vehicle revealed, among other things, 32.86 grams of methamphetamine with a purity level of 98%, approximately 5 grams of cocaine, less than a gram of fentanyl, approximately 195 grams of marijuana, several glass pipes, hypodermic needles, a loaded Smith & Wesson, Bodyguard .380 caliber semi-automatic pistol, a loaded Glock type 9mm pistol built from a Polymer80 PF940C kit ("Glock clone"), several unused baggies, several pill bottles with various controlled substances, $1,104.00 in U.S. currency, 10 cellphones, and three tablets.

3

Lab results confirmed that the methamphetamine that was seized from the vehicle tested positive for 32.86 grams of methamphetamine with a purity level of 98%

Singleton admits he possessed the methamphetamine that was seized from the vehicle he was driving on April 29, 2022, with the intent to distribute same. If this case had proceeded to trial, an expert would have testified that possession of 32.86 grams of methamphetamine with a purity level of 98% is consistent with distribution and inconsistent with mere possession for personal use.

Singleton admits he possessed the loaded Smith & Wesson, Bodyguard .380 caliber semi-automatic pistol, and loaded Glock clone that were seized from the vehicle he was driving on April 29, 2022. The Smith & Wesson, Bodyguard .380 caliber semi-automatic pistol and Glock clone both qualify as firearms under federal law. Singleton admits he possessed the loaded Smith & Wesson, Bodyguard .380 caliber semi-automatic pistol and loaded Glock clone in furtherance of his drug trafficking.

The Smith & Wesson, Bodyguard .380 caliber semi-automatic pistol was manufactured outside the State of Florida, and therefore traveled in and affected interstate commerce.

Singleton has prior felony convictions out of the State of New York for, among other things: Criminal Possession of a Controlled Substance in the Fourth Degree (2006) and Attempted Criminal Possession of a Weapon in the Third Degree (2004). Singleton served time in prison for at least one of these offenses. Singleton admits that he knew he was a convicted felon and prohibited by law from possessing firearms.

The defendant is aware of and understands the nature of the charges to which he is pleading guilty and understands that had he proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt:

**Count 1:** Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C):

(1) The defendant knowingly possessed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

(2) The defendant intended to distribute the methamphetamine he possessed;

**Count 3:** Title 18, United States Code, Section 922(g)(1):

(1) The defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

(2) Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

(3) Before possessing the firearm or ammunition, the defendant knew he had been convicted of a felony offense.

The defendant and his attorney agree that the facts recited above meet these elements.

Date: 5/2/2023

Date: 5/2/2023

Date: 5-2-2023

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

_____
DUSTIN SINGLETON
DEFENDANT

_____
EDWARD D. REAGAN
ATTORNEY FOR DEFENDANT

5